# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KIRK SZOPINSKI,

                      Plaintiff,

v.

JENNIFER H. KACYON,

                      Defendant.

Case No. 18-CV-436-JPS

**ORDER**

On July 12, 2018, Plaintiff filed a motion for reconsideration of the Court's July 5, 2018 screening order. (Docket #6). Specifically, Plaintiff asks that the Court reinstate two defendants who were dismissed upon screening, Thomas Nelson ("Nelson") and Brian Foster ("Foster"). *Id.* Though not cited in the motion, this appears to be a request for relief pursuant to Federal Rule of Civil Procedure 60(b).

Federal Rule 60(b) offers relief from a court's order or judgment if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" *Tylon v. City of Chicago*, 97 Fed. App'x 680, 681 (7th Cir. 2004) (quoting FRCP 60(b)(6)). Such relief "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 443 F.3d 542. 546 (7th Cir. 2006). Plaintiff does not argue any of the first five grounds, so the Court is limited to analyzing the sixth "catch-all" provision.

The Court finds no exceptional circumstances upon which to grant the extraordinary relief afforded by FRCP 60(b). The Court dismissed

Nelson and Foster from Plaintiff's original complaint because Plaintiff alleged that they knew that Plaintiff was without drinking water, but because of Plaintiff's medical dry cell restriction, they believed they could not give him any. (Docket #5 at 8). Non-medical prison officials "are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care[.]" *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008). Therefore, the Court found that Plaintiff's claims against Nelson and Foster were defeated by Plaintiff's allegations that they relied on a medical order in deciding not to provide him water. (Docket #5 at 8).

Plaintiff has not provided any reason to upset that conclusion. Plaintiff reiterates in his motion for reconsideration the same allegations about Nelson and Foster that caused their dismissal upon screening: "Nurse Kacyon informed Nelson that plaintiff needed to be placed on dry cell to see if the ingested objects would pass. Nelson in turn informed Foster that plaintiff's water would be turned off." (Docket #6 at 1). In other words, Plaintiff continues to insist that to the extent Nelson and Foster were involved in his dry cell issue, their conduct was in reliance upon a medical order.

Plaintiff also states that "it is plausible that Foster and Nelson just had all of plaintiff's water turned off by mistake[.]" *Id.* at 2. Not only is this allegation about Foster's and Nelson's possible involvement not included in the original complaint, but even if it were, it is not sufficient to state a claim against them. *See Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015) ("Negligence, gross negligence, or even 'recklessness' as that term is used in tort cases, is not enough[]" to advance an Eighth Amendment claim) (quotation omitted). Plaintiff's motion will, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #6) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge