# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KIRK SZOPINSKI,

        Plaintiff,

v.

JENNIFER H. KACYON,

        Defendant.

Case No. 18-CV-436-JPS

**ORDER**

On July 5, 2018, the Court screened Plaintiff's complaint. (Docket #5). It allowed Plaintiff to proceed against Defendant, a nurse, for withholding water from him, allegedly for medical reasons. *Id.* at 6–8. The Court dismissed other defendants because they merely enforced the medical order to withhold water. *Id.* at 8. On July 12, 2018, Plaintiff filed a motion for reconsideration of the screening order, claiming that the other defendants may have turned off his water by mistake, and so should remain in the case. (Docket #6). The next day, the Court denied that motion on two bases. (Docket #7). First, the allegations of the complaint remain unchanged, which attributed the lack of water to Defendant's medical order. *Id.* at 2. Second, even if the complaint included the allegations about a mistake by the other defendants, that would not support constitutional liability. *Id.*

On July 18, 2018, Plaintiff filed a second motion for reconsideration of the Court's screening order. (Docket #8). As the Court explained to him in addressing his first such motion, reconsideration is an extremely limited avenue to revisit a ruling. (Docket #7 at 1). The reconsideration process is not to be used simply when the aggrieved party believes the Court is wrong. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). It is also

not intended to offer a second bite at the apple, allowing a party to present arguments that were available at an earlier time. *See Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). All of the contentions in the second motion for reconsideration were available to Plaintiff at the time he filed the first. His motion will, therefore, be denied.

Additionally, the Court will not permit him to extend the screening process indefinitely by filing repeated reconsideration motions. No further reconsideration motions will be considered with respect to the July 5, 2018 screening order. Plaintiff remains free to amend his complaint in accordance with Federal Rule of Civil Procedure 15 to include any additional allegations he desires. If filed, such an amended complaint would be screened pursuant to 28 U.S.C. 1915A.

Accordingly,

**IT IS ORDERED** that Plaintiff's second motion for reconsideration (Docket #8) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge