# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KIRK SZOPINSKI,

                Plaintiff,

v.

JENNIFER H. KACYON,

                Defendant.

Case No. 18-CV-436-JPS

**ORDER**

On July 5, 2018, the Court screened Plaintiff's amended complaint. (Docket #5). The Court allowed Plaintiff to proceed against Jennifer Kacyon ("Kacyon"), a nurse, for withholding water from him under a "dry cell" restriction, allegedly for medical reasons. *Id.* at 6–8. The Court dismissed other defendants, Thomas Nelson ("Nelson") and Brian Foster ("Foster"), because Plaintiff alleged that they knew that Plaintiff was without drinking water, but because of Plaintiff's medical dry cell restriction, they believed they could not give him any. *Id.* at 8. Non-medical prison officials "are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care[.]" *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008). Therefore, the Court found that Plaintiff's claims against Nelson and Foster were defeated by Plaintiff's allegations that they relied on a medical order in deciding not to provide him water. (Docket #5 at 8).

On July 12, 2018, Plaintiff filed a motion for reconsideration of the screening order, claiming that the other defendants may have turned off his water by mistake, and so should remain in the case. (Docket #6). The next

day, the Court denied that motion on two bases. (Docket #7). First, the allegations of the complaint remain unchanged, which attributed the lack of water to Defendant's medical order. *Id.* at 2. Second, even if the complaint had included the allegations about a mistake by the other defendants, that would not support constitutional liability. *Id.* On July 18, 2018, Plaintiff filed a second motion for reconsideration of the Court's screening order, (Docket #8), and the Court denied that motion as well, (Docket #9). The Court explained that if Plaintiff learned of more facts that would support allegations against additional defendants, he was free to amend his complaint in accordance with the local rules. *Id.* at 2.

On February 6, 2019, Plaintiff filed a motion for leave to amend his complaint. (Docket #14). His proposed amended complaint abandons Kacyon as a defendant and names several correctional staff members instead. *See* (Docket #14-1). Plaintiff explains that, through discovery, he has learned that Kacyon had no responsibility after entering the medical dry cell order to ensure that Plaintiff received adequate drinking water. Instead, he learned that this responsibility falls to prison supervisors. He then lists as defendants the prison officials who were on duty during the three days he was deprived of water, or who made notes in an observation log about Plaintiff during that time.

Plaintiff's new allegations imply a fact that was missing from his amended complaint—that the prison supervisors knew Plaintiff should receive water at regular intervals even when he was placed on medical dry cell status. In other words, Plaintiff now alleges that the prison officials who denied him water were not relying on the dry cell order, or were perhaps feigning reliance on the order as an excuse for wantonly inflicting pain on him; he implies their actions were motivated by malice or reckless

indifference. These allegations are sufficient to satisfy the subjective prong of an Eighth Amendment claim for purposes of screening.

The Court will allow Plaintiff to amend his complaint to remove Kacyon as a defendant and instead name Nelson, Captain Theander, and Correctional Officer Gorman. The Eighth Amendment conditions of confinement claim against these three men is based on Plaintiff's allegations that they knew Plaintiff was being deprived of all water, Plaintiff asked them for water, they knew he should receive water despite the dry cell order, and they chose not to give him water. Although Plaintiff seeks to name several other prison officials as defendants, he does not include in his proposed amended complaint any allegations about their personal involvement in his alleged deprivation. He merely recites from prison observation logs notes from those officers indicating that they observed Plaintiff alive in his cell during the three days he was allegedly without water. This is not sufficient to state a claim under Section 1983. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (Individual liability under Section 1983 requires personal involvement in the alleged constitutional deprivation.).

In light of this amendment, the Court would typically order service on the newly-named defendants under the informal service agreement between the Wisconsin Department of Justice ("WDOJ") and this Court. That agreement permits defendants sixty days to file a responsive pleading. However, the WDOJ indicated, in response to Plaintiff's motion to file a second amended complaint, that if the Court were to grant Plaintiff's motion, the WDOJ as counsel for the new defendants would like discovery reopened and the dispositive motion deadline (currently set for March 1, 2019) extended. (Docket #15). The Court will treat this motion as having

been filed on behalf of the newly-named defendants and, finding the request reasonable, will grant it. The discovery cutoff date will be extended to April 15, 2019, and the dispositive motion deadline will be extended to June 1, 2019.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file a second amended complaint (Docket #14) be and the same is hereby **GRANTED in part**. Plaintiff is permitted to amend his pleading to remove Jennifer Kacyon as a defendant and add Thomas Nelson, Captain Theander, and Correctional Officer Gorman as defendants. The second amended complaint, with respect to its allegations against those defendants, shall be the operative pleading in this matter; and

**IT IS FURTHER ORDERED** that Defendants' motion to reopen discovery and extend the dispositive motion deadline (Docket #15) be and the same is hereby **GRANTED**. The discovery cutoff date will be extended to April 15, 2019, and the dispositive motion deadline will be extended to June 3, 2019.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge